A04A0076. SOLEY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(600 SE2d 707)

MIKELL, Judge.

Michelle Soley suffered personal injuries during a collision between a vehicle in which she was a passenger and a vehicle driven by Clarence Dodson, Jr., a Houston County sheriff's deputy, during a police chase. Soley sued Dodson in his individual capacity, but the trial court ruled that the action was barred by official immunity. Soley

---

[11] Id.; *Holmes v. State of Ga.*, 233 Ga. App. 872 (506 SE2d 157) (1998).
[1] *Carlisle v. State*, 257 Ga. App. 282 (570 SE2d 616) (2002).

later sued Dodson in his official capacity, but the trial court granted summary judgment to Dodson on the ground that the action was barred by the statute of limitation. We affirmed the trial court's order.[1] Soley then amended her complaint to reflect that State Farm Mutual Automobile Insurance Company ("State Farm") was her uninsured motorist carrier, and she demanded that she be permitted to proceed to trial in a John Doe action to establish the damages caused by Dodson. State Farm moved for summary judgment. The trial court granted the motion, ruling that Soley could not establish that she was legally entitled to recover from Dodson, as required by OCGA § 33-7-11 (a) (1) because she failed to sue him in his official capacity within the two-year statute of limitation. Soley appeals, and we affirm for the reasons set out in *Ward v. Allstate Ins. Co.*[2]

At the time of the collision, Soley was a passenger in a vehicle owned and driven by Warren Ward, the appellant in *Ward II*. Ward brought a suit, identical to Soley's, against Dodson in his official capacity after the statute of limitation expired,[3] and, as in the case at bar, amended his complaint to assert an uninsured motorist claim.[4] On appeal from the grant of summary judgment to Ward's uninsured motorist carrier, we held that the exception to the rule that the insured must be legally entitled to recover from the uninsured motorist in order to obtain coverage[5] only applies in instances in which it would have been impossible to obtain a judgment against the uninsured motorist based on a legal barrier unrelated to any procedural misstep of the injured party.[6] And, "[b]ecause insurance was potentially available to the motor vehicle driven by Dodson, and because recovery for Ward's injuries was legally possible but for Ward's procedural missteps, we conclude[d] that the reasoning behind" the exception to the rule did not apply.[7] Therefore, Ward could not show that he was legally entitled to recover from Dodson, precluding recovery from his uninsured motorist carrier. The case at bar is indistinguishable from *Ward II*, and the trial court correctly granted summary judgment to State Farm.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[1] *Soley v. Dodson*, 256 Ga. App. 770 (569 SE2d 870) (2002).

[2] 265 Ga. App. 603 (595 SE2d 97) (2004) (*Ward II*).

[3] *Ward v. Dodson*, 256 Ga. App. 660 (569 SE2d 554) (2002) (*Ward I*).

[4] *Ward II*, supra.

[5] *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976) (bankruptcy); *Georgia Farm Bureau Mut. Ins. Co. v. Williams*, 266 Ga. App. 540 (597 SE2d 430) (2004) (immunity of alleged tortfeasor under no-fault act of state where accident occurred); *Tinsley v. Worldwide Ins. Co.*, 212 Ga. App. 809 (442 SE2d 877) (1994) (sovereign immunity).

[6] *Ward II*, supra.

[7] Id. at 605.

608

DECIDED MAY 27, 2004 — 

*Carl A. Veline, Jr., Waymon S. Harrell,* for appellant.
*Martin Snow, Henry D. Bullard,* for appellee.